FILED

2019 AUG 28 PM 4: 23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>LUIS E. PEREZ,<br><br>             Defendant. | No. SA CR 18-053(A)-AG<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[26 U.S.C. § 7201:<br>Evasion of Payment of Tax] |

The Grand Jury charges:

[26 U.S.C. § 7201]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this First Superseding Indictment:

1.   Defendant LUIS E. PEREZ was a resident of Anaheim Hills, Yorba Linda, and Dove Canyon, California.  L.C. was defendant PEREZ's girlfriend, fiancé, and wife.

2.   Defendant PEREZ was the owner and primary decision-maker for Checkmates Staffing Inc., Checkmate Transport, Inc.,

Checkmate Staffing National Inc., Checkmate Staffing East, Inc., Checkmate Staffing West, Inc., Staffaide Inc., Staffcore Intelligent Solutions, Inc., Staffstore Enterprises, Inc., BaronHR, LLC ("BaronHR"), BHRPEO, LLC, BaronHR Healthcare, LLC, Fortress Holding Group, LLC ("Fortress"), and Fortress Holding Group, Inc. (collectively "defendant PEREZ's companies"). Defendant PEREZ controlled bank accounts in the name of and was the primary decision-maker for defendant PEREZ's companies.

3.    Defendant PEREZ's companies were required to withhold employee income taxes and FICA taxes from the wages paid to their employees, and to pay over the withheld amounts to the Internal Revenue Service ("IRS").  The employee income taxes and FICA taxes that defendant PEREZ's companies were required to withhold and pay over to the IRS were commonly referred to as "trust fund taxes" because of the provision in the Internal Revenue Code requiring that such taxes "shall be held to be a special fund in trust for the United States."

4.    Defendant PEREZ's companies were required to make deposits of payroll taxes, including trust fund taxes, to the IRS on a periodic basis.  Defendant PEREZ was a "responsible person" for defendant PEREZ's companies, that is, defendant PEREZ had the corporate responsibility to collect, truthfully account for, and pay over to the IRS defendant PEREZ's companies' payroll taxes.

5.    During at least tax years 2001, 2002, 2003, 2006, 2007, 2008, and 2010, defendant PEREZ's companies failed to pay over to the IRS payroll taxes due and owing, including trust

fund taxes that defendant PEREZ's companies withheld from employees' paychecks.

6. Beginning no later than in or about June 2007, defendant PEREZ knew he had a personal tax liability to the IRS, specifically, the Trust Fund Recovery Penalty, as the responsible person of defendant PEREZ's companies for taxes and additions to taxes for tax years 2001, 2002, 2003, 2006, 2007, 2008, and 2010.

7. Beginning no later than in or about June 2007, the IRS actively attempted to collect defendant PEREZ's outstanding tax liability, including penalties and interest, which totaled approximately $29,593,378 by in or about February 2017.

B.  EVASION OF PAYMENT OF TAXES

8. Beginning no later than in or about May 2009 and continuing through at least in or about January 2017, in Orange County, within the Central District of California, and elsewhere, defendant PEREZ, a resident of Orange County, California, willfully and affirmatively attempted to evade and defeat the payment of a substantial part of $29,593,378 in taxes and additions to taxes then due and owing by defendant PEREZ to the United States of America, specifically, the Trust Fund Penalty Assessment, for the calendar years 2001, 2002, 2003, 2006, 2007, 2008, and 2010, which had been assessed against defendant PEREZ, by committing the following affirmative acts, among others, the likely effect of each of which would be to mislead or conceal defendant PEREZ's assets and ability to pay defendant PEREZ's outstanding taxes from the IRS:

a.   Defendant PEREZ purchased luxury items, including numerous cars and a boat, for use by defendant PEREZ, from the BaronHR and Fortress business bank accounts, and defendant PEREZ placed the title in these luxury items in nominee names to conceal defendant PEREZ's purchase of and ownership in these luxury items, including, but not limited to, the following:

i.   On or about May 20, 2011, defendant PEREZ purchased a 2005 Ferrari 360 Spider F for approximately $135,000 and placed the title in the car under the name Fortress Holdings LLC.

ii.   On or about June 17, 2011, defendant PEREZ purchased a 2007 Rolls Royce Phantom for approximately $224,606 and placed the title in the car under the name Fortress, Inc.

iii.   On or about July 18, 2011, defendant PEREZ purchased a Duffy D 22 Bay Island boat for approximately $51,560 and placed the title in the boat under the name Fortress, Inc.

iv.   On or about November 8, 2011, defendant PEREZ purchased a 2011 Mercedes SLS for approximately $195,000 and placed the title in the car under the name Fortress Inc.

v.   On or about February 8, 2016, defendant PEREZ purchased a 2015 Mercedes G-Class for approximately $157,500 and placed the title in the car under the name Fortress Holding Group, LLC.

vi.   On or about July 25, 2016, defendant PEREZ purchased a 2012 Audi R8 for approximately $135,000 and placed the title in the car under the name Legendary Staffing Inc.

vii.   On or about December 15, 2016, defendant PEREZ purchased a 2014 Lamborghini Aventador for approximately

1    $340,000 from a BaronHR account and placed the title in the car

2    under the name KRP Motorcars.

3              viii.  On or about January 30, 2017, defendant

4    PEREZ purchased a 2014 Audi R8 for approximately $147,500 from a

5    BaronHR account and placed the title in the car under the name

6    KRP Motorcars.

7           b.    Defendant PEREZ obtained a credit card in the

8    name of L.C. for defendant PEREZ to make personal purchases on

9    the credit card account and to pay off the credit card account

10   from the BaronHR and Fortress business bank accounts.

11          c.    Defendant PEREZ made payments to L.C. and other

12   nominees from the BaronHR and Fortress business bank accounts

13   for use by defendant PEREZ.

14          d.    Defendant PEREZ made false statements and

15   representations to and omitted material information from IRS

16   revenue officers during interviews and in documents submitted to

17   the IRS, including, but not limited to, the following:

18              i.  On or about March 2, 2011, defendant PEREZ

19   caused a Form 433-A, Collection Information Statement for Wage

20   Earners and Self-Employed Individuals ("Form 433-A"), to be

21   submitted to the IRS, which included false information,

22   including, but not limited to, defendant knowingly

23   underreporting his income, assets, and expenses.

24              ii.  On or about April 11, 2011, defendant PEREZ

25   caused a Form 433-A to be submitted to the IRS, which included

26   false information, including, but not limited to, defendant

27   PEREZ knowingly underreporting his income, assets, and expenses.

28

1             iii.   On or about April 28, 2011, defendant PEREZ

2 made false statements and representations to and omitted

3 material facts from an IRS revenue officer during an interview,

4 including, but not limited to, when defendant PEREZ claimed

5 that, despite being the owner of BaronHR, he received only

6 $1,000 per week in salary, approximately $52,000 annually,

7 because that was all the company could afford to pay him, and

8 that he did not receive any other funds from the company.

9             iv.   On or about June 8, 2011, defendant PEREZ

10 caused a Form 433-A to be submitted to the IRS, which included

11 false information, including, but not limited to, defendant

12 knowingly underreporting his income, assets, and expenses.

13             v.   On or about June 17, 2011, in response to an

14 IRS revenue officer questioning whether or not defendant PEREZ

15 was paying for personal expenses from his business, defendant

16 PEREZ made false statements and representations to and omitted

17 material facts from an IRS revenue officer, when defendant PEREZ

18 claimed: "This is to advise, in accordance to your request,

19 BaronHR no longer pays any of my personal expenses.  Instead I

20 now receive weekly compensation from which I pay my personal

21 expenses."

22             vi.   On or about September 27, 2012, defendant

23 PEREZ caused a Form 433-A to be submitted to the IRS, which

24 included false information, including, but not limited to,

25 defendant knowingly underreporting his income, assets, and

26 expenses.

27             vii.   On or about April 10, 2013, defendant PEREZ

28 caused a Form 433-A to be submitted to the IRS, which included

1   false information, including, but not limited to, defendant

2   knowingly underreporting his income, assets, and expenses, and

3   providing false information about his residence.

4         viii.  On or about July 19, 2013, defendant PEREZ

5   made false statements and representations to and omitted

6   material facts from an IRS revenue officer during an interview,

7   including, but not limited to, defendant PEREZ falsely

8   underreporting his income, assets, and expenses.

9         ix.  On or about April 23, 2014, defendant PEREZ

10  caused a Form 656, Offer in Compromise, and a Form 433-A to be

11  ///

12  ///

1  submitted to the IRS, which included false information,

2  including, but not limited to, defendant knowingly

3  underreporting his income, assets, and expenses.

A TRUE BILL

/s/

Foreperson

NICOLA T. HANNA
United States Attorney

Scott M. Garringer
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States
Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States
Attorney
Chief, Santa Ana Branch
Office

DANIEL H. AHN
Assistant United States
Attorney
Deputy Chief, Santa Ana
Branch Office

BRETT A. SAGEL
Assistant United States
Attorney